MARTHA L. BLACKMAN v. NEW YORK LIFE INSURANCE COMPANY.

(Filed 2 May, 1934.)

**1. Trial D a—**

On a motion as of nonsuit all the evidence is to be considered in the light most favorable to plaintiff, and he is entitled to every reasonable intendment thereon and every reasonable inference therefrom. C. S., 567.

**2. Insurance R c—Evidence of total and permanent disability within provisions of policy held sufficient to be submitted to the jury.**

The policy in suit provided for benefits if insured should become wholly and presumably permanently disabled, and provided that disability should be deemed total if insured should become wholly disabled by bodily injury or disease and prevented thereby from engaging in any occupation whatsoever for remuneration or profit, and that disability should be deemed permanent if insured should be presumably so disabled for life, or if insured should become so disabled for not less than three consecutive months immediately preceding receipt of proof thereof, and further provided that the irrecoverable loss of sight in both eyes should be considered total and permanent disability. Plaintiff testified that as a result of an injury to her eye her vision had become double and that she was unable to read or work with her eyes except for a minute or so, that she could not keep books or sew as she had done prior to her injury, that she had attempted to work but could not keep her job because of the disability, and testified without objection that she was unable to engage in any occupation whatsoever for remuneration or profit. Defendant's expert witness testified on cross-examination that such double vision would be confusing in working and would be disabling, and on direct examination that it is usually due to a diseased condition of the optic nerve and that he had never heard of such condition being corrected: *Held,* the evidence was sufficient to be submitted to the jury on the question of whether plaintiff was totally and presumably permanently disabled within the meaning of those terms as used in the policy contract.

APPEAL by defendant from *Stack, J.,* and a jury, at February Term, 1934, of MECKLENBURG. No error.

This was a civil action, tried at the February Term, 1934, of the Superior Court for Mecklenburg County, before his Honor, A. M. Stack, and a jury, wherein the plaintiff sought to recover of the defendant, the sum of $20.00 per month for total and permanent disability from 5 August, 1930, to 12 February, 1934, under a policy of insurance issued on 18 August, 1924, by the defendant on the life of the plaintiff, and including disability benefits for total and permanent disability. The defendant denied liability for any permanent and total disability after 6 June, 1930, the defendant contending that plaintiff's disability under the terms of the policy ceased on or before that date. At the close of the plaintiff's evidence, the defendant moved for judgment as in case of nonsuit, and the motion was overruled. The defendant excepted. The

defendant renewed the motion at the close of all of the evidence. The court again denied the motion, and the defendant excepted. The defendant offered prayers for instruction, which the court refused, and the defendant excepted.

The issues submitted to the jury and their answers thereto are as follows:

"(1) Has the plaintiff been wholly disabled since 5 August, 1930, by bodily injury or disease so that she is thereby prevented from engaging in any occupation whatsoever for remuneration or profit, as alleged in the complaint? Answer: Yes.

(2) Is the plaintiff presumably totally disabled for life, as alleged in the complaint? Answer: Yes.

(3) In what amount, if any, is the plaintiff entitled to recover, since 5 August, 1930, and up to 12 February, 1934? Answer: $646.70."

The defendant moved to set aside the verdict on the ground that the verdict was contrary to the undisputed evidence. The court denied the defendant's motion. The defendant excepted and moved to set aside the verdict and for a new trial for errors committed on the trial of the cause, to be assigned in the case on appeal. The court denied this motion and the defendant excepted. Judgment was signed in favor of the plaintiff, and the defendant excepted, assigned errors and appealed to the Supreme Court.

The judgment of the court below is as follows: "This cause coming on to be heard before his Honor, A. M. Stack, judge presiding, and a jury, and having been heard upon issues submitted by the court, as appear in the record, and all the issues having been answered in favor of the plaintiff and against the defendant, and awarding the plaintiff the sum of six hundred forty-six and 70/100 dollars ($646.70), payments that are past due to 12 February, 1934, upon the insurance policy after making all proper deductions: Now, therefore, upon motion of Carswell and Ervin, attorneys for plaintiff, it is ordered, adjudged, and decreed, that the plaintiff have and recover of the defendant the sum of six hundred forty-six and 70/100 dollars ($646.70), and for the costs of this action, to be taxed by the clerk. This 21 January, 1934.

A. M. STACK, *Judge Presiding.*"

The exceptions and assignments of error and necessary facts will be set forth in the opinion.

*G. T. Carswell and Joe W. Ervin for plaintiff.*
*Cansler & Cansler and R. M. Gray, Jr., for defendant.*

CLARKSON, J. At the close of plaintiff's evidence, and at the close of all the evidence, the defendant made motions for judgment as in case of nonsuit, C. S., 567. The court below overruled these motions

and in this we can see no error. On motion, as in case of nonsuit, the evidence is to be taken in a light most favorable to plaintiff and he is entitled to every reasonable intendment upon the evidence and every reasonable inference to be drawn therefrom.

The material parts of the terms of the policy to be considered, are as follows: "Disability benefits: Twenty dollars each month ($10.00 per $1,000 of the face of this policy) during the lifetime of the insured, and also to waive the payment of premiums, if the insured becomes wholly and presumably permanently disabled before age 60, subject to all the terms and conditions contained in section 1 hereof. . . . (1) Total disability.—Disability shall be deemed to be total whenever the insured is wholly disabled by bodily injury or disease so that he is prevented thereby from engaging in any occupation whatsoever for remuneration or profit. (2) Permanent disability— Disability shall be presumed to be permanent (a) whenever the insured will presumably be so totally disabled for life; or (b) after the insured has been so totally disabled for not less than three consecutive months immediately preceding receipt of proof thereof. . . . (5) It is further agreed that the total and irrecoverable loss of the sight of both eyes, or of the use of both hands or of both feet, or of one hand and one foot, shall be considered total and permanent disability."

The plaintiff testified, in part: "I was doing some sewing and was sewing with a wool dress on and the stitches from my work had caught in my dress and I noticed the scraps and stitches all over my dress, and I took the pins out and as I brushed the scraps off my clothes the needle flashed right back up into my eye. It struck my hand as my hand went down and the needle went right into the sight of my right eye. I almost fell, and my eye sprang full of water. . . . I then came back to Dr. Gambel's office and waited until I could get him. He came in and examined my eye and told me I had injured it, had ruined it. *I could not see anything at all then, and I suffered terribly.* . . . He told me that it would have to be operated on; that there was a cataract on it. The operation did very little good; it gave me enough vision to see something moving in a light; I could tell it is a bulk moving. Up to that time, I had kept books, had been cashier for Express Company in Lenoir for four or five years, have always done book work and lots of sewing. I tried to work after that. *It seems like I have a double vision and anything that moves I see the motion, but instead of being over here, it is over on this side. I can't stay at anything any time; the minute I start, it goes widening, that widening effect and double vision. I can read a minute or two, then it runs together.* I could not see to keep books. I have been a seamstress. I got a position at Ivey's after that. I could not do the work and they let me

go. I studied sewing and before this thing happened, I could do anything I wanted to; since then, I can't do anything. . . . *My eyes were perfect before my injury.* I did not wear glasses and I never had any trouble with my eyes. I am forty years old and was thirty-six when this happened. *I am not able to engage in any occupation whatsoever for remuneration or profit.* I can't see a bit of improvement in my eye as time goes by; it is not as good as it was. The insurance company made an investigation of my claim, and I wrote up there about it. They paid me two payments while I was disabled, $20.00 each, one in June and one in July, 1930. . . . When I was cashier for the Express Company, I was required to write all day long. *I cannot do that now. I cannot sew now.*"

Dr. H. L. Sloan, witness for defendant, testified on cross-examination: *"Her double vision causes her to see two where she should see one."*

Dr. J. R. Gamble, witness for defendant, testified on cross-examination: "If she had double vision, it would be confusing, as far as her doing any work is concerned. I think it would be disabling." Re-direct examination: *"A double vision is usually a diseased condition of the optic nerve. I never heard of one being corrected."*

The defendant admits that the premiums were paid up until the suit was brought. There was no exception or assignment of error to the charge of the court below. The plaintiff testified without objection, "I am not able to engage in any occupation whatsoever for remuneration or profit." There was other evidence to like effect. We think the evidence sufficient to be submitted to the jury as to total and permanent disability, within the meaning of the policy in suit. The evidence in this case is similar to that in *Misskelley v. Insurance Co.,* 205 N. C., 496. *Baker v. Insurance Co., ante,* 106; *Guy v. Insurance Co., ante,* 118. In the judgment of the court below, there is

No error.